THE PEOPLE *ex rel.* ENVIRONMENTAL PROTECTION AGENCY, Plaintiff-Appellant, *v.* ILLINOIS CENTRAL RAILROAD COMPANY, Defendant-Appellee.

(No. 11894;

Fourth District—July 5, 1973.

William J. Scott, Attorney General, of Springfield, (Thomas J. Immel and Delbert Haschemeyer, Assistant Attorneys General, of counsel,) for the People.

Phillips, Phebus, Tummelson & Bryan, of Urban, (Joseph W. Phebus, of counsel,) for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

In May 1971, the attorney general on relation of the Environmental Protection Agency obtained a permanent injunction in the circuit court of Champaign County by the terms of which the Illinois Central Railroad Company, its officers, agents and employees, were enjoined from knowingly, intentionally, and willfully burning railroad ties without first obtaining any and all requisite permits or other authorization from the appropriate governmental agencies. In December 1971, a petition was filed in the circuit court alleging that the defendant railroad had violated the permanent injunction by burning railroad ties on August 4, 1971. The petition sought a rule upon the railroad to show cause why it should not be held in contempt. Upon a finding of contempt, the petition sought criminal sanctions.

A hearing was held on the petition in March 1972; testimony was taken and at the conclusion of that proceeding, the trial court found that it was not established that the defendant was in contempt and discharged the rule to show cause. The State seeks to appeal.

Supplemental briefs were filed in this court upon the issue of the appealability of the order of the circuit court. Upon consideration of the supplemental material and after having heard argument of counsel, it was the conclusion of this court that the order sought to be appealed was one relating to criminal contempt and not appealable by the State or its agencies. Accordingly, the appeal was dismissed from the bench.

■■ An order of a trial court finding that the defendant was not in violation of an injunction issued by that court is appealable if civil in nature. See 12 I.L.P., Contempt, sec. 86.

■■ In *People ex rel. Chicago Bar Assn. v. Barasch*, 21 Ill.2d 407, 173 N.E.2d 417, the court noted:

> "* * * Proceedings in the nature of criminal contempt have been defined as those directed to preservation of the dignity and authority of the court, while it has been said that civil contempts are those prosecuted to enforce the rights of private parties and to compel obedience to orders or decrees for the benefit of opposing parties. [Citations.] * * * The line of demarcation

\* \* \* is indistinct and even imperceptible. [Citation.] A further guide may be found in the *purpose of punishment*. (Emphasis supplied.) Imprisonment for criminal contempt is inflicted as a punishment for that which has been done, whereas imprisonment for civil contempt is usually coercive and, as was said in the case of *In Re Nevitt* (8th cir.) 117 Fed. 448, 'he (the contemnor) carries the key of his prison in his own pocket.' \* \* \*"

■■ *People ex rel. Illinois State Dental Society v. Taylor*, 131 Ill.App. 2d 492, 268 N.E.2d 463, followed *Barasch* and is more on point. In *Taylor*, the defendant, as in the instant case, allegedly violated an injunction. The court in *Taylor*, citing *Board of Junior College v. Cook County Teachers Union*, 126 Ill.App.2d 418, 262 N.E.2d 125, stated that the "sentence imposed by the trial court was clearly inflicted for the purpose of punishment rather than coercion."

■■ In this case, the sanctions sought were criminal in nature and such sanction would have been solely punishment for an act previously done. We conclude, therefore, that this appeal is an effort to review a finding, the review of which is not available. Accordingly, the appeal is dismissed.

SMITH and SIMKINS, JJ., concur.